UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RANDY A. MASSINGHAM,

                Plaintiff,

        v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

No. CV 06-332-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Randy Massingham seeks judicial review of the denial of his application for Social Security benefits under the Social Security Act. He argues that the ALJ's dismissal of his request without a hearing violated his due process rights. The Commissioner of Social Security moves to dismiss (# 7) the claim for lack of subject matter jurisdiction on two grounds. First, a final decision of the Commissioner was not issued, as required for judicial review. Second, Mr. Massingham failed to raise a colorable constitutional challenge to justify judicial review. For the reasons set forth below, this court lacks subject matter jurisdiction to review the administrative denial of benefits. Therefore, the motion to dismiss is **GRANTED**.

**I. BACKGROUND**

    Mr. Massingham applied for Title II Social Security disability benefits on August 24, 2001. Ford Decl. at 3. Benefits were denied because Mr. Massingham was found not disabled at the time he was last insured and eligible for benefits, in December of 1998. *Id.* With the notice

of denial, Mr. Massingham received information about appealing the decision and filing future applications. *Id.* at Ex. 1. He did not take further action or pursue a hearing regarding the application.

On September 8, 2004, Mr. Massingham filed a second application for disability benefits, which was also denied initially and upon reconsideration. *Id.* The ALJ dismissed his request for a hearing based on res judicata and refused to reopen the prior claim. *Id.* at Ex. 2. The Appeals Council denied review on February 22, 2006. *Id.* at Ex. 3.

Mr. Massingham now seeks review of this denial of benefits. Pl.'s Am. Compl.

## II.  DISCUSSION

To hear a claim, federal courts must have subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Judicial review of administrative decisions is authorized by 42 U.S.C. §§ 405(g) and 1383(c)(3), although it is limited to a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g). An exception to this limitation exists when a colorable constitutional claim is raised to challenge the decision. *Califano v. Sanders,* 430 U.S. 99, 109 (1977).

### A.    Final decision by the Commissioner

While final decisions of the Commissioner may be appealed pursuant to 42 U.S.C. § 405(g), discretionary decisions are not considered final decisions within the meaning of the regulation and are not subject to judicial review. *Califano,* 430 U.S. at 107-08. Discretionary decisions include decisions by an ALJ to dismiss a claim based on res judicata and to refuse reopening of a prior claim. *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir. 1982).

PAGE 2 - OPINION AND ORDER

(1) Dismissal based on res judicata

In administrative proceedings, res judicata applies to cases where a final determination was previously made with respect to the same facts and issues. *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985); 20 C.F.R. § 404.957(c)(1). This doctrine provides grounds for dismissal by an ALJ. Application of res judicata does not require a prior administrative hearing if the claimant failed to appeal the decision and the subsequent application does not contain new facts. *Thompson v. Schweiker*, 665 F.2d at 940.

When Mr. Massingham chose not to appeal his original denial of benefits, the denial became a binding decision. *See Taylor*, 765 F.2d at 876; 20 C.F.R. § 404.905. This formed the basis of a res judicata finding for his second claim, as both are based on the same facts and issues. Ford Decl. at Ex. 2. Because Mr. Massingham did not include facts or evidence to distinguish the second claim from the original, the ALJ applied res judicata and dismissed the second claim. *Id.* The proper application of res judicata and its discretionary nature preclude judicial review. *See Taylor*, 765 F.2d at 877.

(2) Refusal to reopen a prior claim

A final decision regarding benefits may be reopened upon a showing of good cause. *Davis,* 665 F.2d at 935; 20 C.F.R. § 404.988(b). Good cause includes the submission of new and material evidence. *Davis*, 665 F.2d at 935; 20 C.F.R. § 404.989(a)(1). The decision to reopen is discretionary and may be determined without a hearing. *Califano*, 930 U.S. at 108. Once the determination is made, judicial review is not available to evaluate the appropriateness of agency discretion. *Id.*; *Davis,* 665 F.2d at 935.

PAGE 3 - OPINION AND ORDER

The ALJ refused to reopen Mr. Massingham's original claim because no evidence was provided to establish good cause. Ford Decl. at Ex. 2. Although Mr. Massingham claims to have evidence justifying reopening, he failed to include the information with the application. The ALJ's refusal to reopen, based on the submitted application, is not judicially reviewable unless a colorable constitutional challenge is raised.

### B. Colorable constitutional claim

Although refusals to reopen prior claims are generally not reviewable, an exception exists when the denial is challenged on constitutional grounds. *Califano,* 430 U.S. at 109; *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982) (explaining the application of res judicata can be "tantamount to a denial of due process"). In the Ninth Circuit, judicial review is presumed available for constitutional challenges that are not "wholly insubstantial, immaterial, or frivolous." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (internal quotation marks and citation omitted) (holding insufficient notice violated the applicant's due process rights and justified reopening an 18-year-old application for disability); *Singer v. Schweiker,* 694 F.2d 616, 618 (9th Cir. 1982) (allowing reopening of claim after seven years because new evidence regarding the initial claim became available).

Mr. Massingham's failure to appeal his first denial of benefits does not preclude the application of res judicata. *See Thompson,* 665 F.2d at 940. He nevertheless claims that his due process rights were violated when the ALJ applied the doctrine and prevented him from presenting testimony regarding his "new condition, symptoms, medical issues, treatment, etc."

Pl.'s Resp. at 2.  He further asserts this information would justify reopening his previous claim. *Id.* at 2-3.

While the opportunity to be heard is an essential element of due process, Mr. Massingham did not include new evidence with his application for benefits.  Ford Decl. at Ex. 2. The new information referenced in the pleadings consists of personal and witness testimony and appears to relate to his medical condition since the first application for benefits.  Pl.'s Resp. at 2. Such information is insufficient for two reasons.  First, establishing a disability or impairment requires "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. § 404.1508.  Statements of symptoms are not enough.  *See Davis*, 665 F.2d at 935 (finding a medical report without supporting clinical evidence to be insufficient to demonstrate good cause).  Second, the information must relate to a disability that existed while the individual had insured status and was eligible for disability benefits, rather than subsequent or current disabilities.  *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

Because Mr. Massingham failed to provide new evidence relating to his condition prior to December 1998, when he was still eligible for benefits, the ALJ's application of res judicata and refusal to reopen his original claim do not raise a constitutional violation of due process.  The Commissioner's motion to dismiss is GRANTED.

DATED this   7th   day of June, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 5 - OPINION AND ORDER